# CRIADO v. BATTISTINI.

## APPEAL from the "Audiencia" of Porto Rico.

### No. 24.—Decided February 18, 1903.

APPEAL IN CASSATION.—In addition to the cases provided for by the Law of Civil Procedure, an appeal in cassation also lies for error in the consideration of proof of whatever kind, this being applicable to the testimony of witnesses and experts, but the error supposed to be committed, if of fact, should be apparent from documents or authentic acts which show the evident error of the Judge, but if of law, the law or legal doctrine considered to have been violated must be cited, as well as the manner in which the violation ocurred.

ACTION OF UNLAWFUL DETAINER.—In actions for the revovery of possesion, questions relating to the identity of the things the possesion whereof is sought, and to the good or bad faith of said possession are questions of fact.

ID.—The doctrine that an action for recovery can not be successfully instituted against a possessor who holds by some title, without first instituting another action to defeat said title, is applicable where the right exercised by the plaintiff arises from the nullity of the defendant's title, but not where both parties dirive their respective rights from different documents and acts, without there being any relation or dependence between those brought by the plaintiff and the ones exhibited by the defendant, in which case the controversy is confined to a discussion as to the value, efficacy and preference of the documents or data which respectively served as a basis for the claims of the parties.

ID.—The success of an action to recover one or several farms, does not necessarily imply, in every case, payment for the products thereof and an indemnification of the damages caused therein, but such obligation on the part of the possessor who has been defeated in the action, depends upon the circumstances attending the possession.

ENTRIES IN THE REGISTRY OF PROPERTY.—The object of the entries in the registry is to give publicity to the civil rights recorded therein, whence it is to be inferred that where the latter are extinguished by a judicial decision, the former become extinct, inasmuch as they derive their force and validity from aforesaid rights.

JUDGMENT,—CANCELLATION.—A judgment has force of law for the particular case in which it is rendered, and one of the parties having been deprived of his title of ownership in real property by virtue of a judgment, said judgment on becoming executory, is alone su'fficient for the cancellation of his ownership at the Registry of Property, the provision contained in paragraph 3 of Art. 83 of the Mortgage Law being no obstacle thereto, because in the latter it is presumed that the consent of the parties concerned is necessary, whereas in the case at issue such consent is not required.

## STATEMENT OF THE CASE.

On June 7, 1897, Miguel Criado y Blas, filed a complaint in the former Court of First Instance of Ponce, alleging:

en 7 de Junio de 1897 al extinguido Juzgado de Primera Instancia de Ponce alegando : que desde principios del año 1895, Don Pedro Simón Battistini se apropió de una finca de catorce cuerdas y media y de nueve cuerdas, que forman parte de otra finca, ambas radicadas en el barrio de "Vacas", término municipal de Juana Diaz, lanzando de dichos terrenos á Don Vicente López y á Doña Daniela Colón, que las ocupaban mediante convenio con el demandante, y como esas fincas son de su propiedad, establecía la correspondiente demanda para reivindicarlas, fundándose en los hechos y consideraciones de derecho siguientes : que por escritura otorgada en 7 de Septiembre de 1892 compró la primera finca á Don Juan Pablo Ortiz y Colón que la hubo de Don Agustín Bonilla con la cabida ya expresada y que colinda por el Norte con tierras de Don Pedro Vázquez, por el Sur con las de Don Juan María Rivera, por el Este con las de Don Pablo Ortiz y por el Oeste con las de Don Ramón Torres, cuya inscripción se llevó á cabo á favor de Criado, en el Registro de la Propiedad de Ponce, en 17 de Octubre de 1895; que la segunda porción de nueve cuerdas es parte de otra finca de catorce, que también compró en 6 de Junio de 1892, á Doña Daniela Colón, que la hubo á su vez de la Sociedad Alvarado Hermanos, cuya parcela de nueve cuerdas colinda por el Norte con terrenos de Don Miguel Criado, antes de Doña Daniela Colón, por el Sur, con terrenos del mismo Sr. Criado, antes de Don Juan Pablo Ortiz, terrenos que también se reclaman en este pleito, por el Este, con los de Don Pedro Vázquez Avilés (hoy según se cree de Don Pedro Simón Battistini), y por el Oeste, con los de Don Raimundo Valdecilla, antes de Doña Daniela Colón y antes de Don Juan Pío Cruz; que estas nueve cuerdas, que también tratan de reivindicarse, forman parte, como antes se ha dicho, de una finca de catorce cuerdas que inscribió Criado á su nombre, en el ya referido Registro de la Propiedad de Ponce, en 25 de Agosto de 1896, y que se le deben los frutos producidos de las dos porciones de terrenos y los daños y

That since the beginning of the year 1895, Pedro Simón Battistini, had appropriated to his own use a farm measuring fourteen and a half *cuerdas*, and nine *cuerdas* forming part of another farm, both situated in *barrio* "Vacas", municipality of Juana Diaz, ejecting from said lands, Vicente López and Daniela Colón, who occupied them by virtue of an agreement with plaintiff, and as said farms belonged to him, he instituted an action to recover possession thereof, basing his claim upon the following facts and legal authorities:—That by deed executed September 7, 1892, he had purchased the first mentioned farm from Juan Pablo Ortiz y Colón, who had acquired it from Agustín Bonilla, the same being composed of the number of cuerdas above set forth, bounded on the north by lands belonging to Pedro Vazquez; on the south by those of Juan María Rivera; on the east by those of Pablo Ortiz; and on the west by those of Ramón Torres, record whereof was on October 17 1895, made in the Registry of Property of Ponce in favor of Criado; that the other parcel consisting of nine *cuerdas*, forms part of another farm of fourteen *cuerdas*, which he had also purchased on June 6, 1892, from Daniela Colón, who had acquired it from the firm of Alvarado Hermanos, said parcel of nine *cuerdas* being bounded on the north by lands belonging to Miguel Criado, formerly Daniela Colón; on the south by lands belonging to said Colón, formerly to Juan Pablo Ortiz, which lands are also claimed in the suit; on the east by those of Pedro Vázquez Avilés (believed now to belong to Pedro Simón Battistini), and on the west, by those of Raimundo Valdecilla, formerly Daniela Colón, and prior to that, to Juan Pio Cruz; that these nine *cuerdas* the recovery of which is also sought, as before stated, form a part of a farm consisting of fourteen *cuerdas*, recorded by Criado in his own name in the aforesaid Registry of Property of Ponce, on the 25th of August 1896; that the products of these two parcels of land are due him, as also indemnity for the damages caused by the detainer thereof; and alleging

perjuicios ocasionados con la detentación, y alegando como fundamentos de derecho que siendo él propietario tenía acción contra el tenedor y poseedor para reivindicarlas; que nadie puede ser privado de su propiedad sino por autoridad competente y por causa justificada de utilidad pública, previa, siempre, la correspondiente indemnización; que son principios jurídicos el que nadie puede ser privado de sus bienes y derechos sin ser antes oido y vencido en juicio y el de que cada cosa, donde quiera que esté, clama por su dueño, el concepto jurídico de la acción reivindicatoria que entraña en el dueño de una cosa el derecho contra el poseedor de la misma para que se la restituya con sus frutos, accesorios y abono de menoscabos y el artículo 1902 del Código Civil, que condena al que por acción ú omisión causa daño á otro, á reparar el daño causado, y terminó suplicando que se tuviesen por presentadas las dos escrituras de compra-venta, y en su día, por lo alegado y probado, condenar á Don Pedro Simón Battistini á que deje á la libre y desembarazada disposición de Don Miguel Criado y Blás las dos fincas descritas y al pago de tres mil quinientos cincuenta pesos, moneda corriente, como frutos producidos por ambas porciones, desde que las posee, y por indemnización de daños y perjuicios, con imposición además de todas las costas.

*Resultando:* que Don Pedro Simón Battistini impugnó la demanda, alegando: que desde principios del año 1895 fué judicialmente puesto en posesión de una finca que adquirió en el barrio de "Vacas", término municipal de Juana Diaz, de la Sucesión de Don Pedro A. Vázquez y Avilés, según las escrituras de 20 de Agosto de 1892 y 15 de Septiembre del mismo año; que el expediente de posesión judicial obra archivado en la Escribanía de Don José C. Schroder; que posesionado de su finca, y no de ninguna del demandante, logró que tanto Don Vicente López como Doña Daniela Colón, que sin título alguno la poseían y utilizaban sus frutos, se sujetasen á la legalidad; que los frutos producidos por esa finca no ascienden, ni con mucho, á la suma que se

as legal grounds, that being the owner of the property he had a right of action against the holder and possessor for the recovery thereof; that no one can be deprived of his property except by competent authority and by showing that it is a public utility, always after proper indemnification; that it is a principle of law that no one shall be deprived of his property and rights without first having been heard and defeated in court, and that everything wherever it may be has an owner; the judicial conception of the action to recover property which invests the owner of a thing with the right to demand its restitution from the possessor thereof together with its products, accesories and payment for deteriorations, and article 1902 of the Civil Code, which requires a person who by an act or omission causes damage to another, to repair the damage done; and concluded the complaint by praying that the two deeds of sale be considered as having been filed and that, after hearing the allegations and considering the evidence, Pedro Simón Battistini be condemned to vacate the two farms described and leave them wholly and absolutely at the disposal of Miguel Criado y Blás and to pay three thousand five hundred and fifty *pesos*, for the products of both parcels of land from the time they have been in his possession and damages caused, and also that he be taxed with the costs. The complaint was answered by Battistini, who alleged: That about the beginning of the year 1895 he was judicially placed in possession of a farm acquired by him in *barrio* "Vacas", municipality of Juana Diaz, belonging to the estate of Pedro A. Vázquez y Avilés, according to the deeds of August 20 and September 15, 1892; that the records of the proceedings in connection with said judicial possession were on file at the office of the Notary, José C. Schroder; that upon taking possession of his farm, and not of any farm belonging to the plaintiff, he succeeded in getting both Vicente López and Daniela Colón, who without any title whatever were in possession of the property and utilized

reclama, y alegando, como fundamentos legales, que la propiedad de los bienes da derecho y se extiende por accesión á todos los que ellos producen, se les une ó incorpora natural ó artificialmente, perteneciendo, en su consecuencia, al propietario los frutos naturales, los industriales y los civiles, pidiendo por todo ello que se le absolviese de la demanda, con imposición de todas las costas al demandante.

*Resultando:* que en el trámite de réplica, negó el actor que el demandado adquiriera por compra á la Sucesión de Don Pedro Vázquez Avilés las dos porciones de terreno que se le reclaman en este pleito, y que aunque así fuese, los títulos en que se apoya la reclamación, son preferentes, porque con mucha anterioridad pertenecían y estaban inscritos á nombre de los causantes del demandante; que la reclamación por frutos la limita á tres mil cincuenta pesos, que niega todos los hechos de la contestación y como fundamentos legales, que nadie puede dar á otro lo que no tiene, la prioridad de la inscripción, según el espíritu de la Ley Hipotecaria y del Código Civil y lo que dispone el artículo VII de la primera Ley, y que se declare, que las dos porciones de terreno á que se refiere esta demanda, pertenecen en completo dominio, á Don Miguel Criado, que se cancele en el Registro, en la parte que á dichas fincas se refiere, la inscripción hecha á favor del demandado y sus causahabientes, limitando á tres mil cincuenta pesos la reclamación por frutos producidos y debidos producir é indemnización de daños y perjuicios.

*Resultando:* que en dúplica, el demandado no alteró sustancialmente los hechos de su contestación y concluyó interesando la absolución de la demanda, según lo solicitó en su contestación.

*Resultando:* que suministrada prueba por las partes, se acredita en lo pertinente, por la documental, que las fincas de catorce y media cuerdas y la de catorce, que comprenden las nueve y que pertenecen á Criado, tienen por primera inscripción en el Registro de la Propiedad, respectivamente, las fechas de 29 de Julio de 1886 y 18 de Noviembre de 1887,

the products thereof, to abide by the result of the said judicial proceeding; that the sum claimed is considerably in excess of the value of the crops produced on said farm; and alleging as legal authority, that ownership of property gives a right by accession to all that is produced thereby or which is united to or incorporated therein naturally or artificially, for which reason the natural, industrial and civil fruits belong to the owner. Defendant prayed that the complaint be dismissed, with costs against the plaintiff. In his replication plaintiff denied that defendant had acquired the two portions of land claimed in the suit by purchase from the estate of Pedro Vázquez Avilés, and urged that even if such were the case, the titles upon which the complaint is based should be given preference, because the two parcels of land had long before belonged to and been recorded in the name of the person from whom plaintiff derived his right; that he limits the claim for products to three thousand and fifty *pesos;* that he denies all the facts set up by defendant, and cites as legal authority the principle that no one can give to another what he has not, and the priority of record, according to the spirit of the Mortgage Law and of the Civil Code, and of the provision contained in article 7 of the first mentioned law, and prays that the two parcels of land referred to in the complaint be declared wholly and absolutely the property of Miguel Criado; that the part of the entry referring to said farms made in favor of defendant and of defendant's successor in interest, be canceled in the Registry, and limiting to three thousand and fifty *pesos* the claim for products and indemnification for damages. Defendant in his rejoinder did not substantially alter the facts set up in his answer, and prayed that the complaint be dismissed, as requested in said answer. From the documentary evidence introduced by the parties it appears that the farms of fourteen and a half and of fourteen *cuerdas*, the latter comprising the one of nine *cuerdas*, and which belong to Criado, were first recorded under date of July 20, 1886, and November 18,

que Battistini obtuvo de la Sucesión de Don Pedro Vázquez y Avilés, en 20 de Agosto de 1892, los derechos y acciones que ésta tuviera sobre una finca, cuya cabida no se expresó por ignorarse, que por escritura de 15 de Septiembre de dicho año de 1892, Battistini describió por sí una finca de cuarenta y seis cuerdas, cuya inscripción se le denegó, que en escritura de 14 de Julio de 1894 comparecen Battistini y los que componen la Sucesión Vázquez Avilés y, bajo el supuesto de que el primero había sufrido un error, se describió una finca y se le señaló como cabida de diez y seis cuerdas ochenta y siete céntimos de otra, de la cual obtuvo la posesión judicial, en Febrero de 1895, y se inscribió á su favor en 21 de Diciembre de dicho año; que tres testigos están sustancialmente conformes en manifestar que conocen las catorce y media cuerdas que compró Criado á Don Juan Pablo Ortiz y las nueve que hubo de Doña Daniela Colón y dos que han oido decir que la primera está comprendida en las diez y seis y céntimos que posee desde hace años Battistini, que el perito nombrado por ambas partes, en resumen, dice: "que los predios de Criado tienen más cabida que la que marcan sus escrituras, que el predio de Battistini tiene mucha más extensión que la que señala su título, que la colindancia actual de la de éste, en el primer predio, cruza la finca de Criado limitando su superficie, que el segundo predio de Criado, está comprendido, casi por completo, en los terrenos del Señor Battistini, que todo el predio señalado con tinta verde (de Battistini) envuelve los de Criado y están ocupados por aquél, en la actualidad, según manifestaciones de los colindantes y del propio apoderado de Battistini, Don Francisco Giuliani.

*Resultando:* que sustanciado el pleito en dos instancias, la Audiencia dictó en 5 de Marzo de 1900, sentencia confirmatoria sin especial condenación de costas, declarando con lugar la demanda establecida por Don Miguel Criado contra Don Pedro Simón Battistini, se condena á este último á que deje á la libre disposición del primero los dos lotes de terreno;

1887, respectively; that Battistini acquired from the estate of Pedro Vázquez y Avilés, on August 20, 1892, the rights and titles that the latter might have in a farm, the measurement of which is not mentioned, same being unknown; that by deed of September 15th, of the aforesaid year 1892, Battistini described as belonging to him, a farm composed of forty-six *cuerdas*, the admission to record of which was refused; that in a deed of July 14, 1894, Battistini and the heirs of Vázquéz Avilés appear, and in the supposition that the former had committed an error, a farm is described and stated to measure sixteen *cuerdas* and eighty-seven *centímetros*, judicial possession whereof was acquired by him in February of 1895, the same being recorded on December 21st of said year; that three witnesses substantially agree in testifying to their knowledge of the fourteen and a half *cuerdas* purchased by Criado from Juan Pablo Ortiz and of the nine *cuerdas* acquired by him from Daniela Colón, and two witnesses testify to their having heard that the first mentioned portion is included in the sixteen and a fraction *cuerdas* that have been for many years in possession of Battistini; that the expert witness named by both parties declares "that the tracts belonging to Criado contain more land than is assigned them in his deeds; that Battistini has a much larger area than that stated in his title; that the present boundary line of the latter's first mentioned property crosses Criado's farm reducing the area thereof; that Criado's second farm is almost wholly included within Battistini's property; that all of the tract marked with green ink (Battistini's) comprise the lands of Criado, and are at present occupied by the former according to the statement of adjoining neighbors and of Francisco Guiliani, Battistini's attorney-in-fact." The case having been heard in two instances, the *Audiencia*, on March 5, 1900, rendered judgment affirming the decision of the court below, without special imposition of costs, sustaining the action brought by Miguel Criado against Pedro Simón Battistini, and requiring the latter to leave at the

el uno, de catorce y media cuerdas, y el otro, de nueve, los mismos que fueron objeto de la demanda y cuya descripción y linderos constan en el escrito de demanda, y en su consecuencia, que se cancele en el Registro, en la parte que á estas dos fincas corresponde, la inscripción hecha á favor del demandado y sus causahabientes, no estando éste obligado á pagar daños y perjuicios, ni á entregar los frutos recolectados durante el tiempo que ha estado en posesión de las referidas fincas.

*Resultando:* que Don Pedro Simón Battistini ha interpuesto recurso de casación por infracción de ley, fundado en los números 1º, 3º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, en relación este último caso 7º con el párrafo 79 de la Orden General No. 118, por los siguientes motivos.

I.—Criado no ha probado ni que estuvo siquiera alguna vez en posesión del terreno que dice ser suyo y que pretende reivindicar de Battistini, ni que éste se apoderara de ese terreno, lanzando de él á Criado ; y esta afirmación se acredita con el Considerando décimo de la sentencia cuando dice "que no se ha probado que Battistini desalojase de las fincas á los que Criado llama sus arrendatarios".

II.—Los títulos de Criado y Battistini tienen el mismo origen, porque son escrituras registradas sobre adquisiciones de terrenos contiguos y que hubieron de antiguos dueños ó poseedores colindantes entre sí.   Debió por consiguiente Criado ejercitar la acción previa de nulidad del título de Battistini, para hacer valer el suyo como exclusivo.

III.—Si se aceptase que dichos títulos son de distinto origen, porque provienen de antiguos distintos dueños ó poseedores, ha de verse entonces si existe prioridad ó preferencia de los títulos de Criado, sobre los de Battistini, pero es imposible aceptar la preferencia de los dos títulos de Criado, sobre el de Battistini, para la eficacia reivindicatoria, por la antigüedad del de éste que arranca de una concesión por el Estado, á Don Pedro Vázquez Avilés de 12 de Agosto de 1874, porque el terreno de Battistini aparece deslindado y Mensurado, porque tiene la posesión judicial de él y lo ha inscrito en el Registro de la Propiedad.

IV.—Criado no prueba, ni justifica, la identidad de las fincas de que aparece ser dueño, según las escrituras presentadas, ni prueba que el terreno que posee Battistini no sea suyo propio, sino el de Criado ; porque tiene mayor extensión de terreno que la que reconoce sus títulos, están equivocados los nombres de los colindantes y el perito nombrado por ambas partes dice

disposal of the former the two tracts of land, namely: one of fourteen and a half *cuerdas* and the other of nine, which were involved in the action, the discription and boundaries whereof are set out in the complaint, and that the record made in favor of defendant and his successors in interest, as to the portion pertaining to these two farms be canceled in the Registry, he not being obliged to pay damages or to return the crops gathered during the time he was in possession of aforesaid two farms. From this decision Pedro Simón Battistini took an appeal in cassation for violation of law, based on paragraphs 1, 3 and 7 of article 1690 of the Law of Civil Procedure, the latter paragraph in connection with section 79 of General Order No. 118, alleging the following grounds of appeal:

I.—Criado has not proven that he has ever at any time been in possession of the land whereof he claims the ownership and which he seeks to recover from Battistini, nor that the latter had taken possession of and ejected Criado from said land; which assertion is sustained by the tenth conclusion of law of the judgment wherein it is declared "that it has not been shown that Battistini had evicted the persons whom Criado calls his tenants from the farms."

II.—The titles of Criado and Battistini have the same origin, for they are deeds recorded by virtue of acquisitions of conterminous lands made from former owners or adjoining neighbors among themselves. Hence Criado should have begun by bringing an action for the annulment of Battistini's title to the property and established therein his right to the exclusive ownership of such property.

III.—If it be admitted that said titles have different origins, because they were derived from different owners or possessors, then it should be ascertained whether there exists any priority or preference in favor of Criado's titles as against those of Battistini; but it is impossible to admit a preference in the two titles of Criado over that of Battistini, for the purposes of the recovery, in view of the length of time the latter has been in existence, since it comes from a grant made by the Government to Pedro Vázquez Avilés, dated August 12, 1874, and because the boundary lines of the land belonging to Battistini appear to be duly established and measured, and because Battistini has the judicial possession thereof, and it has been recorded by him in the Registry of Property.

IV.—Criado has failed to establish the identity of the farms of which he

que los trabajos los realizó siguiendo las noticias de los colindantes y vecinos.

V.—La sentencia que declara procedente la reivindicación de Criado contra Battistini, condenando á éste á entregar á aquél parte del terreno de que Battistini es legítimo propietario, no se atreve, sin embargo, á condenarle á devolver los frutos y á indemnizar los menoscabos causados, rompiendo de este modo la doctrina fundamental del derecho reivindicatorio. En esos cinco puntos se demuestra que la sentencia recurrida ha interpretado erróneamente, y ha aplicado indebidamente, las Sentencias del Tribunal Supremo de España de 22 de Septiembre del 66; 30 de Enero y 9 de Diciembre del 64, 1 de Mayo del 57, 27 de Junio del 67, 4 de Octubre y 26 de Diciembre del 76, 25 de Junio y 26 de Diciembre del 78, 30 de Diciembre del 81 y 14 de Junio del 89.

VI.—Se ha infringido el artículo 348 del Código Civil y la sentencia del Tribunal Supremo de España de 3 de Diciembre del 57 y 16 de Marzo del 88, porque si Criado ha podido ejercer su acción reivindicatoria con el mismo derecho puede Battistini ejercitar su acción para conservar las tierras que le pertenecen mediante justo título. Equivocó Criado su acción, pues la que le incumbía era la de deslinde para fijar bien su propiedad y pedirla á quien las poseyere indebidamente, venciendo en juicio á los opositores sin razón ni derechos.

VII.—Se ha infringido el párrafo 3 del artículo 79 de la Ley Hipotecaria, la Resolución de la Dirección General de 4 de Marzo del 76 y sentencias de 17 de Diciembre del 73 y 26 de Abril del 61, porque la nulidad de los títulos es preciso obtenerla en juicio ordinario seguido con las personas á quienes dicha nulidad puede perjudicar; pero esto no se ha hecho y no se pueden cancelar en parte inscripciones de títulos que previamente no han sido declarados nulos. La sentencia nada dice sobre nulidad porque tampoco se pidió en la demanda; pero se manda cancelar en parte la inscripción hecha en el Registro á favor de Battistini y ésto no puede hacerse sin la previa nulidad del título ó parte de él.

VIII.—Se otorga en la sentencia más de lo pedido, se dice, y por eso también se funda el recurso en el número 3 del artículo 1690 de la Ley de Enjuiciamiento Civil; pero del razonamiento solo se viene en conocimiento de que Battistini lo que expresa es que no puede entregar más cuerdas de terreno de las que contiene su escritura.

IX.—Todo eso procede de error de hecho al apreciar las pruebas para definir el derecho discutido, cuyo caso 7° del artículo 1690 de la Ley de Enjuiciamiento Civil, se alega también como fundamento del recurso, relacionado con el párrafo 79 de la Orden General No. 118 que permite fundar la casación por error en la apreciación de toda clase de pruebas, para desechar la antigua y restrictiva doctrina de la jurisprudencia española de que "la apreciación de la prueba es de la exclusiva incumbencia del Tribunal

appears to be the owner, according to the deeds introduced, or to show that the land held by Battistini is not the property of the latter, but belongs to him, inasmuch as said property has a larger acreage than his titles call for; the names of the adjoining holders are incorrectly stated, while the expert witness for both parties states that in the work done by him he was guided by the information obtained from the adjoining owners and neighbors.

V.—The judgment which sustains Criado's claim of right to recover against Battistini and condemns the latter to deliver to the former part of the land which legitimately belongs to Battistini, does not venture however, to require him to return the crops and make good the damages caused, thus violating the fundamental principle of the law with regard to the recovery of property. In these five points it is made evident that in the judgment appealed from the court has erroneusly construed and unduly applied the decisions of the Supreme Court of Spain, delivered September 22, 1866, January 30, and December 9, 1864, May 1, 1857, June 27, 1867, October 4, and December 26, 1876, June 25, and December 26, 1878, December 30, 1881, and June 14, 1889.

VI.—Article 348 of the Civil Code and the decisions of the Supreme Court of Spain, of December 3, 1857 and March 16, 1888, have been violated, because if Criado could prosecute on action for recovery, the same right has Battistini to prosecute on action to preserve the lands belonging to him by virtue of a just title. Criado mistook his action, which was to call for a survey in order to establish the boundary lines of his property and demand same of the person who held it without a right to do so, after defeating in court all opposition to his claim.

VII.—Paragraph 3 of article 79 of the Mortgage Law, the decision of the General Directorate of March 4, 1876, and judgments of December 17, 1873 and April 26, 1861, have been violated because the annulment of deeds must be obtained in ordinary actions prosecuted against the parties whose interests might be prejudiced by such annulment; but this has not been done, and the entries of titles cannot be canceled in part, unless they have previously been declared null. The judgment says nothing about nullity, because this was not prayed for in the complaint; but the record made in the Registry in favor of Battistini is ordered to be canceled in part, and this cannot be done without first declaring the nullity of the title or part thereof.

VIII.—The judgment grants more than was prayed for, for which reason the appeal is also based on paragraph 3 of article 1690 of the Law of Civil Procedure; but from the reasoning it is shown that what Battistini holds is that he cannot deliver more *cuerdas* of land than those provided for in his deed.

IX.—All this comes from an error of fact in the consideration of evidence in order to define the right contested, and comes under paragraph 7 of arti-

sentenciador" el cual puede equivocarse al apreciar las pruebas, y el Tribunal Supremo de Puerto Rico puede enmendar esa equivocada apreciación, según nuestro vigente novísimo derecho, y esa equivocación la ha cometido el Tribunal *á quo* porque dá como cierto lo que expresan las escrituras de Criado, olvida lo que resulta de la mensura, pasa por encima de las equivocaciones sobre colindancias, no aprecia la falta de identidad, acepta como cierta la posesión precisa de Criado para reivindicar luego lo que Battistini supuestamente le detentó, y pasa por alto la antigüedad y preferencia nacidas del tiempo, del perfecto deslinde y posesión judicial de los títulos de Battistini, para mandar cancelar su inscripción en el Registro, sin haberlos declarado previamente nulos.

Abogado del recurrente : *Sr. Rossy (Manuel F.)*

Abogado del recurrido : *Sr. Cuevillas.*

EL JUEZ ASOCIADO SR. FIGUERAS, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal :

*Considerando :* que según la regla 79ª de la Orden General No. 118, serie de 1899, el recurso de casación por infracción de ley, además de los casos establecidos por la ley de Enjuiciamiento Civil, procede también por error en la apreciación de toda clase de pruebas, cuyo concepto por su generalidad tiene que ser extensivo á la testifical y pericial, sin que por ello puedan estimarse derogados los artículos 1690 en su número 7º, y 1718 de la ley citada, de los cuales se desprende, que aquel error, en el caso de ser de hecho, ha de resultar de documentos ó autos auténticos, que demuestren la equivocación evidente del juzgador, y en el caso de ser de derecho, ha de citarse, con precisión y claridad, la ley ó doctrina legal que se crea infringida y el concepto en que lo haya sido.

*Considerando:* que siendo esta la doctrina que en diferentes casos ha consignado este Tribunal, al interpretar en este punto la Orden General No. 118, el recurso es inadmisible por los motivos primero, cuarto y noveno, porque las cuestiones de identidad de las cosas que se trata de reivindicar, de posesión, y su buena ó mala fé, son de puro hecho, y como tales están subordinadas á la apreciación del Tribunal sentenciador, á la cual debe ajustarse la casación mientras no se

cle 1690 of the Law of Civil Procedure, ·which is also alleged as a ground for the appeal, taken in connection with paragraph 79 of General Order No. 118, which provides that appeals in cassation may be based on error in the consideration of evidence, so as to set aside the old and restrictive doctrine of Spanish jurisprudence to the effect that the consideration of evidence is within the exclusive province of the trial court, which court may err in its consideration of the evidence and the Supreme Court of Porto Rico can correct such erroneous consideration, according to the law now in force, and the said error was made by the court *a quo*, inasmuch as it takes for granted the statement contained in Criado's deed, forgets the result of the measurement, overlooks the mistakes in regard to the boundaries, fails to consider the absence of identity, accepts as true the necessary possession by Criado so that he may recover from Battistini what the latter is supposed to have deprived him of and overlooks the priority and preference in time of Battistini's titles, and the perfect delimitation and judicial possession, so as to order the cancellation of their entry in the Registry, without having first declared their nullity.

*Mr. Rossy (Manuel F.)*, for appellant.

*Mr. Cuevillas*, for respondent.

MR. JUSTICE FIGUERAS, after making the foregoing statement of facts, delivered the following opinion of the Court.

According to rule 79 of General Order No. 118, series of 1899, besides the cases defined by the Law of Civil Procedure, an appeal in cassation will also lie for error in the consideration of evidence of whatever kind, which·provision by reason of its general character, must be made applicable to the testimony of witnesses and experts, without thereby considering as repealed paragraph 7 of article 1690, and article 1718 of aforesaid Law, from which it follows that such error, if of fact, should be apparent from documents or authentic acts which show the evident error of the judge, and if of law, the law or legal doctrine alleged to have been violated shall be precisely and clearly cited, as well as the manner in which the violation occurred. Such being the doctrine which in various cases has been established by this Court in construing this provision of General Order No. 118, the appeal as based on allegations 1, 4 and 9, does not lie, because questions of identity of things the possession

demuestre error de hecho ó de derecho que la invaliden; y al impugnar el recurrente las pruebas, en el apartado 9 de su escrito, fundado en el número 7 del artículo 1690 de la Ley de Enjuiciamiento Civil, no se citan concretamente los documentos ó autos auténticos que revelen la equivocación evidente del Tribunal *á quo,* sino que se citan confundidas las pruebas que supone favorables á su propósito, sin expresar tampoco si ha habido error de derecho en la apreciación de las mismas.

*Considerando:* que si bien es cierto que el Tribunal Supremo de España ha declarado en más de una sentencia que no puede entablarse con éxito la acción reivindicatoria contra el poseedor de una cosa que la tiene con algún título, sin que preceda el ejercicio de otra adecuada para destruirlo; ésto es, para el caso en que de la nulidad del título del demandado surja el derecho que ejercita el actor, pero no, como consignan las sentencias de 4 de Julio y 18 de Diciembre de 1891, cuando ambas partes derivan sus respectivos derechos de documentos y hechos distintos, sin relación ni dependencia entre los traídos por el actor y los aducidos por la parte demandada, y queda, en este concepto, reducido el litigio á la discusión sobre el valor, eficacia y preferencia de los documentos ó datos que respectivamente sirvieron de fundamento á las partes; por cuya razón la sentencia recurrida no infringe la doctrina que invoca el recurso en el segundo y tercer motivo, prescindiendo de que en este último se dá al título del demando un origen que no se alegó ni en el escrito de contestación de la demanda, ni en el de dúplica, cual es la procedencia que hoy se atribuye á una concesión de terreno del Estado, de 12 de Agosto de 1874, cuestión que no ha sido debatida en el período oportuno y que no puede plantearse por primera vez en casación.

*Considerando:* que también se ha declarado, entre otras sentencias, en la de 9 de Julio de 1891, que el éxito de una acción reivindicatoria de una ó varias fincas no lleva consigo ineludiblemente, en todo caso, el abono de los frutos por ella

whereof is sought to be recovered, and the good or bad faith
of such possession are merely of fact, and as such, subject to
the consideration of the trial court, to which the appeal in
cassation must conform, so long as no error of fact or of law
is. proven invalidating such consideration; and appellant
in attacking the evidence in his ninth allegation, based
upon paragraph 7 of article 1690 of the Law of Civil Pro-
cedure, fails to cite specifically the documents or authentic
acts which show the evident error of the lower court, but
cites confusedly the evidence which he supposes favorable
to his purpose, without stating whether there has been
any error of law in the consideration thereof. Although
it is true that the Supreme Court of Spain has held in more
than one judgment, that an action for recovery cannot be
successfully prosecuted against a possessor who holds by
some title, without first instituting another action to defeat
such title, this is the case where the right exercised by the
plaintiff arises from the nullity of defendant's title, but not
as set forth by the judgments of July 4, and December
18, 1891, where both parties derive their respective rights
from different documents and acts, without there being any
relation or dependence between those brought by plaintiff
and those introduced by defendant, in which case the con-
troversy is confined to a discussion as to the value, efficacy
and preference of the documents or data which respectively
served as a basis for the claims of the parties; for which
reason the judgment appealed from does not violate the
doctrine invoked by appellant in the second and third alle-
gations, not to mention the fact that in the latter, defend-
ant's title is stated to have originated from a source which
was not alleged either in the answer to the complaint, or in
the rejoinder, namely, that of a grant of State lands dated
August 12, 1874, a question which was not discussed at the
proper time and cannot be raised for the first time on ap-
peal in cassation. It has also been declared by other judg-
ments, and among them by that of July 9, 1891, that the

producidos y la indemnización por los menoscabos causados,
sino que esta obligación del poseedor que fuese vencido en
juicio está subordinada á las circunstancias que en la pose-
sión concurren, y, por tanto, ha podido estimar la sentencia
recurrida, como lo ha hecho, que había lugar á la reivindi-
cación de las porciones de terreno litigiosas, y declarar, no
obstante, sin lugar la devolución de los frutos, y la indemni-
zación de perjuicios, porque la declaratoria afirmativa supon-
dría mala fé en la posesión del demandado, que no se ha
declarado, y así las cosas, no se ha infringido la doctrina in-
vocada en el quinto motivo del recurso.

*Considerando:* en cuanto al motivo sexto, que el Tribu-
nal sentenciador ha interpretado y aplicado rectamente el
artículo 348 del Código Civil y la doctrina de las sentencias
que en el mismo se citan, porque el Tribunal no ha ido en
su resolución contra la definición de la propiedad, que no
otra cosa hace el artículo citado, sino que ha entendido por
la prueba, que no ha sido impugnada en forma, que el de-
recho está de parte del actor y esto precisamente después de
haber ejercitado el demandado su acción dentro del juicio
para conservar los terrenos que le discutía el demandante,
quien, por ostentar sus títulos inscritos tenía dentro de esa
inscripción deslindada y bien determinada las fincas á que
el litigio se refiere.

*Considerando:* que en los motivos séptimo y octavo se in-
siste en que antes de ejercitarse la acción reivindicatoria ha
debido pedirse la nulidad del título del demandado, afirma-
ción que ya se ha considerado en el sentido de que en el
presente caso tal solicitud previa carecía de razón legal y
que no son de aplicación por tanto, las disposiciones que se
suponen infringidas; pero también se cita el párrafo 3 del
artículo 79 de la Ley Hipotecaria, y no debe perderse de
vista, según la Resolución de la Dirección General de 21 de
Noviembre de 1881, que los asientos del Registro tienen por
objeto dar publicidad á los derechos civiles que en ellos
constan, de donde se infiere que extinguidos éstos por una

success of an action to recover one or several properties does not necessarily imply in every case the payment for the products thereof and an indemnity for the damages caused, but that such obligation on the part of the possessor who has been defeated in the action depends upon the attending circumstances and, therefore, the judgment appealed from could hold as in fact it did, that the plaintiff was entitled to the recovery of the tracts of land in dispute, and hold that the return of the products and the payment of indemnity for damages could not be required, because to hold otherwise would involve the presumption of bad faith in in the possession by defendant, which was not proved, wherefore there has been no violation of the doctrine invoked in the fifth ground of the appeal. As to the sixth allegation, the trial court has correctly construed and applied article 348 of the Civil Code, and the doctrines announced in the judgments cited therein, inasmuch as the court in its decision has not acted contrary to the provisions of the law defining ownership, which is the sole object of the article quoted, but from the evidence which has not been successfully rebutted, has come to the conclusion that plaintiff has the law on his side, and this, after the defendant had prosecuted his action in the trial of the suit to preserve the lands, his ownership of which was contested by plaintiff who, having his titles recorded, could show on said record the metes and bounds of the properties referred to in the litigation. Under the seventh and ninth allegations it is urged that before bringing the action for recovery, the annulment of defendant's title should have been demanded, which allegation has already been considered herein, it being held that there was no legal reason for such a demand, and that consequently the provisions alleged to have been violated are not applicable; but paragraph 3 of article 79 of the Mortgage Law has also been cited, and it should be borne in mind that according to the decision of the General Directorate, of November 21, 1881, the object of

sentencia judicial, aquéllos, deben forzosamente caducar,
como que toman su fuerza y raíz de los. indicados derechos
y que una sentencia tiene fuerza de ley para el caso particu-
lar en que se dicta, sin que sea obstáculo el precepto conte-
nido en el· párrafo 3º del artículo 83 de la Ley Hipotecaria,
al cual parece que trata de referirse el recurrente, sin ci-.
tarlo, porque ésta parte del supuesto de que sea necesario
el consentimiento de los interesados, y en el caso de que se
trata, tal consentimiento es innecesario, porque el que os-
tentó el título de dueño, fué privado de su derecho, me-
diante un fallo que, al ser ejecutorio, es por sí solo bastante
para la cancelación, según el artículo 82 de la misma ley, y
si después de este pleito de reivindicación, ya ejecutoriado,
hubiera de seguirse un nuevo juicio contra el demandado,
para obtener la cancelación del asiento de dominio, hecho á
su favor, se originarían gastos y dilaciones innecesarios,
dado que en este segundo litigio no versaría, en último re-
sultado la cuestión, más que sobre el mismo derecho de pro-
piedad, que definitivamente quedó resuelto en la primera
sentencia judicial.

*Considerando:* en cuanto al recurso fundado en el nú-
mero 3º del artículo 1690, que también está contenido en el
apartado octavo del escrito de interposición, que hay que
tener en cuenta, no obstante de no citarse disposición alguna
infringida, que la sentencia recurrida ha resuelto exclusiva-
mente sobre lo pedido en el escrito de demanda·y en el de
réplica, en el cual, como en el de dúplica, pueden las partes,
según el artículo 547 de la Ley de Enjuiciamiento Civil,
ampliar, adicionar ó modificar las pretensiones y excepcio-
nes que hayan formulado en la demanda y contestación; y
como el tribunal sentenciador, teniendo esto en cuenta, se
ha ajustado á lo dispuesto en el artículo 358 de la ley pro-
cesal citada, no puede afirmarse que el fallo haya otorgado
más de lo pedido.

*Fallamos:* que debemos declarar y declaramos no haber
lugar al recurso de casación interpuesto por Don Pedro Si-

the entries at the Registry is to give publicity to the civil rights recorded therein, whence it is to be inferred that where the latter are extinguished by a judicial decision, the former become extinct, inasmuch as they derive their force and validity from aforesaid rights, and that a judgment has force of law for the particular case in which it is rendered, notwithstanding the provisions contained in paragraph 3 of article 83 of the Mortgage Law, to which appellant seems to refer without citing it, because it is thereby presumed that the consent of the parties concerned is necessary, whereas in the case at bar such consent is unnecessary, because the party who held the title of ownership was deprived of his right by virtue of a judgment which, when subject to execution, is alone sufficient for the cancellation according to article 82 of the same Law, and if after this suit for recovery of possession already finally passed upon, another action were to be instituted against defendant for the purpose of obtaining the cancellation of the entry of ownership made in his favor unnecessary expenses and delays would ensue, inasmuch as in this second litigation the only question to be decided would be the same right of ownership which has been finally decided in the first judgment. As regards the appeal based upon paragraph 3 of article 1690 which is also included under the eighth ground of the appeal, it must be borne in mind, although no legal provision is alleged to have been violated, that the judgment appealed from has only passed upon the matters prayed for in the complaint and in the replication in which, as well as in the rejoinder, in accordance with article 547 of the Law of Civil Procedure the parties may amplify, add to, or modify the allegations and exceptions contained in the complaint and in the answer; and as the trial court having this in mind, has conformed to the provision of article 358 of the aforesaid law of procedure, it cannot be maintained that the judgment has granted more than was prayed for.

We should declare and do declare that the appeal in cas-

món Battistini, á quien condenamos en las costas del recurso, y líbrese al Tribunal de Distrito de San Juan la certificación correspondiente, con devolución de los autos que ha remitido.

Jueces concurrentes: Sres. Presidente, Quiñones, y Asociado Hernández y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

---

MORENO *v.* OLIÚ.

CASACIÓN procedente de la Corte de Distrito de San Juan.

No. 61.—Resuelto en Febrero 19, 1903.

SENTENCIA DEFINITIVA.—Una resolución denegando la admisión de una demanda sobre alimentos provisionales por no haberse acompañado el título exigido por la ley, no es definitiva á los efectos de proceder contra ella recurso de casación.

ID.—Si al interponerse un recurso de casación no se hubiere cumplido con lo dispuesto en el artículo 1718 de la Ley de Enjuiciamiento Civil, no procederá resolver el recurso.

EXPOSICIÓN DEL CASO.

*Resultando :* que con la partida de bautismo de Doña Luisa Basilia, en la que se expresa que nació el 14 de Junio de 1879, y que es hija natural de Doña Rosenda Moreno, quien según la partida de defunción, falleció en Bayamón el 19 de Abril de 1896, se presentó con fecha 12 de Septiembre del año próximo pasado por Don Sandalio Torres, á nombre de Doña Luisa Basilia Moreno y ante la Corte de Distrito de San Juan, demanda en solicitud de alimentos provisionales que debe prestar Don Pompeyo Oliú, propietario, vecino de Bayamón, por ser la peticionaria su hija ilegítima, según una carta que también se acompañó en la que Oliú la llama hija, le da el pésame por la muerte de su madre, y le pide una nota de lo más indispensable que necesite para enviárselo.

*Resultando :* que la referida Corte en 12 de Septiembre de 1902 tiene por parte á Torres, á nombre de quien compa-

sation taken by Pedro Simón Battistini, does not lie, and impose upon him the costs. The proper certificate is ordered to be forwarded, and the record returned, to the District Court of San Juan.

Messrs. Chief Justice Quiñones, and Associate Justices Hernandez and MacLeary, concurring.

Mr. Justice Sulzbacher did not sit at the hearing of this case.